IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00506-RJC
(3:11-cr-00217-RJC-1)

| | | |
|---|---|---|
| MARKEITH LAMONT WOODARD, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to

Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the

reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.   BACKGROUND

On July 19, 2011, Petitioner was indicted in this District on one count of possession with

intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count

One); one count of possession of a firearm during and in relation to a drug trafficking crime, in

violation of 18 U.S.C. § 924(c) (Count Two); and one count of possession of a firearm by a

felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). On February 1, 2012, Petitioner

pleaded guilty pursuant to a written plea agreement to Count Two in exchange for the

Government's agreement to dismiss the remaining counts in his indictment. (3:11-cr-00217, Doc.

No. 3: Indictment; Doc. No. 15: Plea Agreement; Doc. No. 18: Acceptance and Entry of Guilty

Plea). On November 14, 2012, Petitioner was sentenced above his Guidelines range to a term of

72-months' imprisonment based on his extensive criminal record and his history of probation

revocations. (Id., Doc. No. 29: Judgment; Doc. No. 30: Statement of Reasons at 3). Petitioner did

not appeal.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

the record of prior proceedings" in order to determine whether a petitioner is entitled to any

relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423

F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

In this collateral proceeding, Petitioner argues that he is entitled to relief from his

sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551

(2015), in which the Court held that the residual clause of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1] (3:16-cv-

00506, Doc. No. 1: Motion to Vacate at 1). Specifically, Petitioner contends that in light of the

holding in Johnson, the sentence imposed in his case is now in excess of the maximum

authorized by law.

Under the ACCA, a defendant that is convicted of a § 922(g) offense faces a sentence of

no less than 15 years nor more than life imprisonment if he has three qualifying convictions for

either a "violent felony" or a "serious drug offense" or both, that are "committed on occasions

different from one another . . ." Id. § 924(e)(1). The ACCA defines a violent felony as "any

---

[1] In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on
collateral review. 136 S. Ct. 1257 (2016).

crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). See Johnson, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

The ACCA defines a "serious drug offense" as an offense that carries a maximum term of ten years or more in prison under state or federal law. Id. § 924(e)(2)(A)(ii)

Petitioner was convicted of the offense of the possession of a firearm during and in relation to a drug trafficking crime and this offense carries a term of no less than five years' imprisonment. See 18 U.S.C. § 924(c)(1)(A). Petitioner's sentence of 72-months' imprisonment was based on his long criminal history and repeated failure to follow the conditions of his probation, and the sentence was well within the statutory maximum. In sum, the holding in Johnson has no impact on the legality of Petitioner's conviction or sentence.

IV.    CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge

4